UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FINANCIAL DESIGNS, INC.**,

    Plaintiff,

v.

**EVANSTON INSURANCE COMPANY**,

    Defendant.

CASE NO. 1:22-cv-21941-JLK

**PLAINTIFF FINANCIAL DESIGNS, INC.'S MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff Financial Designs, Inc. ("FDI" or "Plaintiff"), through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f)(2), files the instant Motion to Strike certain Affirmative Defenses asserted by Defendant Evanston Insurance Company ("Evanston") in its Answer and Affirmative Defenses to FDI's Complaint [ECF No. 5]. In support thereof, Plaintiff states as follows:

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff filed its state court complaint [ECF No. 1-1] on May 6, 2022, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In brief, the state court complaint asserts a breach of contract action and an alternative claim for declaratory relief against Defendant to obtain coverage for a qualifying event under the Parties' Professional Liability Insurance Policy. Defendant subsequently removed this action on June 24, 2022, asserting diversity jurisdiction as the basis for this Court's subject matter jurisdiction. [ECF No. 1]. Thereafter, on July 1, 2022, Evanston filed its Answer and Affirmative Defenses to FDI's

Complaint, wherein it asserts thirteen affirmative defenses to the claims for relief set forth in the State Court Complaint. [ECF No. 5]. In response, Plaintiff now files the instant Motion to Strike Affirmative Defenses one through ten (1-10) on the ground that they are legally deficient. Each affirmative defense that Plaintiff challenges is set forth below.

First Affirmative Defense: "FDI's Complaint fails to state a claim for breach of contract upon which relief may be granted in that it does not contain sufficient factual allegations describing how Evanston breached any alleged contractual duty." [ECF No. 5 p. 5].

Second Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim to the extent FDI does not qualify as an "Insured" under the terms of the Evanston Policy." [ECF No. 5 pp. 5-6].

Third Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI for the subject claim based upon the Cyber Management with Extortion Demand, Business Interruption and Network Restoration Cost Coverage endorsement in the Evanston Policy." [ECF No. 5 p. 6].

Fourth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because no 'Claim' as defined in the Evanston Policy has been made against FDI." [ECF No. 5 p. 6].

Fifth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result

from the access, theft, or other use of alleged 'Personal Information,' as required under the express terms of the Evanston Policy." [ECF No. 5 p. 6].

Sixth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result from a 'Security Breach,' as required under the express terms of the Evanston Policy." [ECF No. 5 p. 6].

Seventh Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result from a 'Privacy Violation,' as required under the express terms of the Evanston Policy." [ECF No. 5 p. 6].

Eighth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim for FDI's voluntary payment to its client, which was made for business reasons, and which does not meet the definition of 'Damages' under the Evanston Policy." [ECF No. 5 p. 7].

Ninth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because FDI violated the Policy's assistance and cooperation clause, and acted without Evanston's written consent in making its independent and voluntary payment to its Client." [ECF No. 5 p. 7].

Tenth Affirmative Defense: "[t]o the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI for the subject claim based upon the insuring agreements, exclusions, conditions, definitions, declarations, endorsements or any other provisions contained in the Evanston Policy." [ECF No. 5 p. 7].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

### I. Rule 12(b)(6) Defenses and Other Challenges to the Plaintiff's *Prima Facie* Case Are Not Affirmative Defenses and Must Be Stricken.

This Court has held that an affirmative defense, by definition, "requires that 'a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Lopez v. Leg.A.Sea Distribution Servs., LLC*, No. 10-CV-21847, 2010 WL 3767171, at *2 (S.D. Fla. Sept. 24, 2010) (King, J.) (quoting *Will v. Richardson–Merrell, Inc.*, 647 F.Supp. 544, 547 (S.D. Ga. 1986)). A claim by a defendant that "[p]laintiffs have failed to state a cause of action does not satisfy this standard," and is thus not an affirmative defense. *Lopez*, 2010 WL 3767171, at *2. The Eleventh Circuit has similarly ruled that, "fail[ure] to state a claim upon which relief could be granted. . . . is not an affirmative defense but rather is a general defense akin to a Fed.R.Civ.P. 12(b)(6) motion." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 n.9 (11th Cir. 1988). The Eleventh Circuit further recognized that, "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson*, 846 F.2d at 1349. The same is true of defenses which "negate an element of the plaintiff's *prima facie* case," as "[a]n affirmative defense raises matters extraneous to the plaintiff's *prima facie* case." *Id.* (quoting *Ford*

4

*Motor Co. v. Transport Indemnity Co.*, 795 F.2d 538, 546 (6th Cir.1986). Accordingly, denials of the elements of a plaintiff's claim are not affirmative defenses, and "*must be stricken* to the extent that they have been asserted as affirmative defenses." *Home Design Servs., Inc. v. Park Square Enterprises, Inc.*, No. 6:02-CV-637-ORL28JGG, 2005 WL 1027370, at *7 (M.D. Fla. May 2, 2005) (emphasis added).

      **II.**    **Affirmative Defenses that are supported by Conclusory Allegations must be Stricken.**

Pursuant to Federal Rule of Civil Procedure 8(a), a party pleading an affirmative defense must provide "a short and plain statement" of the defense. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). To meet this standard, "the party raising the affirmative defense 'must do more than make conclusory allegations.'" *Morrison*, 434 F. Supp. 2d at 1318 (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002). Additionally, "[w]here the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Morrison*, 434 F. Supp. 2d at 1318 (quoting *Microsoft*, 211 F.R.D. at 684). Affirmative defenses are considered "bare bones conclusory allegations" when they do not provide any factual basis in support of their conclusions. *See Korman v. Party Girl Enterprises, Inc.*, No. 12-CV-81095, 2014 WL 12513591, at *1 (S.D. Fla. Jan. 21, 2014).

Additionally, a majority of federal district courts, including "a majority of district courts in Florida," have found that the heightened plausibility pleading standard established by *Twombly* and *Iqbal* applies to affirmative defenses. *Castillo v. Roche Lab'ys Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010). The Southern District of Florida, for example, has held that the Supreme Court's holding in *Twombly* requires affirmative defenses to be pled alongside sufficient "factual allegations" such that the plaintiff may "adequately respond to those

defenses." *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008). The *Holtzman* court further held that a "[p]laintiff should not be left to discover the bare minimum facts constituting a defense until discovery." *Id*. Affirmative defenses which fail to satisfy this heightened pleading standard are subject to striking. *Id.* at *4.

    **III.**    **A Defendant Waives the Right to Raise a Rule 12(b)(6) Defense in their Answer if the Defense was not raised through a Timely Motion Under Rule 12(b).**

Rule 12(b) provides that a motion asserting that a plaintiff failed to state a claim upon which relief can be granted, "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A defendant who fails to file such a motion in response to the plaintiff's complaint waives their right to raise said defense and is thus "precluded from raising this defense in its Answer." *Korman*, 2014 WL 12513591, at *1. If such a defense is raised in an answer, then it must be stricken. *See Id.* at *1-2.

## ARGUMENT

    **I.**    **The Asserted Affirmative Defenses Are Not Affirmative Defenses.**

        **a. Evanston's First Affirmative Defense.**

Like the affirmative defenses at issue in *Lopez*, Evanston's First Affirmative Defense alleges that FDI "fails to state a claim . . . upon which relief may be granted." [ECF No. 5 p. 5]; s*ee Lopez*, 2010 WL 3767171, at *2. The *Lopez* court ruled that such claims that plaintiffs have "failed to state a cause of action" or "failed to state a claim upon which relief can be granted" do not meet the "very definition of 'affirmative defense,'" which requires, in part, that "a defendant admits the essential facts of a complaint." *Id.* Rather, according to the Eleventh Circuit, such an assertion of "fail[ure] to state a claim" is "not an affirmative defense, but rather is a general defense akin to a Fed.R.Civ.P. 12(b)(6) motion for failure to state a claim upon which relief can be granted." *In re Rawson*, 846 F.2d at 1349. Thus, Evanston's contention that FDI failed to state a

claim for relief fails to meet the definition of an affirmative defense and is instead more akin to a Rule 12(b)(6) defense. *See Id*; *see Lopez*, 2010 WL 3767171, at *2.

Additionally, Evanston's First Affirmative Defense asserts that FDI has failed to allege the facts necessary to establish their claim for relief, much like the affirmative defense at issue in *In re Rawson*. 846 F.2d at 1345. [ECF No. 5 p. 5]. In that case, the Eleventh Circuit found that, because the allegedly missing facts were "integral element[s]" to the plaintiff's claim, these facts "therefore [are] a necessary part of the [plaintiff]'s prima facie case" and the affirmative defense at issue therefore amounted to "[a] defense which points out a defect in the plaintiff's prima facie case" which "is not an affirmative defense." *In re Rawson* at 1349. Thus, because Evanston's First Affirmative Defense similarly alleges that FDI has failed to assert facts necessary to establish their claim, this allegation amounts to an identification of a supposed defect in FDI's *prima facie* case, which, according to the Eleventh Circuit, is not an affirmative defense. *See Id.* [ECF No. 5 p. 5].

In light of this Courts and the Eleventh Circuit's relevant holdings, Evanston's First Affirmative Defense is devoid of any assertions which actually qualify as affirmative defenses. *See In re Rawson*; *see Lopez*, 2010 WL 3767171, at *2. Thus, Evanston's First Affirmative Defense must be stricken. *See Home Design*, 2005 WL 1027370, at *7.

      **b. Evanston's Second through Tenth Affirmative Defenses.**

Evanston's Second through Tenth Affirmative Defenses each begin by asserting that Evanston does not admit that FDI has set forth a claim upon which relief may be granted. [ECF No. 5 p. 5-7]. At no point, in fact, do any of these Affirmative Defenses clearly admit any aspect of FDI's claim or factual assertions. [ECF No. 5 p. 5-7]. Thus, in light of this Court's holding in *Lopez* that affirmative defenses, by definition, require a defendant, in part, to "admit[] the essential

facts of a complaint," Evanston's Second through Tenth Affirmative Defenses fail to satisfy the "very definition of an 'affirmative defense.'" *See Lopez*, 2010 WL 3767171, at *2.

Each of these Affirmative Defenses additionally contends that FDI's claim has failed to satisfy a certain required element of the Evanston Policy, such as the "Insured" or "Personal Information" contract terms, or the "assistance and cooperation clause," and that thus "there is no coverage owed to FDI under the Evanston Policy." [ECF No. 5 p. 5-7]. Just like the affirmative defense at issue in *In re Rawson*, Evanston's Affirmative Defenses claim that elements necessary to FDI's claim are not met. *See In re Rawson*, 846 F.2d at 1349. Thus, Evanston's Second through Tenth Affirmative Defenses are similarly "defense[s] which point out a defect in the plaintiff's prima facie case," and are thus "not [] affirmative defense[s]." *See Id.*

Accordingly, Evanston's Second through Tenth Affirmative Defenses are not affirmative defenses based on the definition set forth by this Court and governing Eleventh Circuit authority. *See Id.*; *see Lopez*, 2010 WL 3767171, at *2. Thus, because they are not affirmative defenses, yet were pleaded as such, they "must be stricken." *See Home Design*, 2005 WL 1027370 at *7.

## II.     The Asserted Affirmative Defenses are Supported by Conclusory Allegations.

Each of the Asserted Affirmative Defenses do no more than state conclusory allegations without providing any non-conclusory factual information. The First Affirmative Defense, for example, asserts the broad conclusion that FDI's claim "does not contain sufficient factual allegations describing how Evanston breached any alleged contractual duty," but does not identify or suggest any specific supposed factual deficiencies in FDI's claim. [ECF No. 5 p. 5]. As such, Evanston does not provide any non-conclusory basis to support its contention that Plaintiff has purportedly failed to state claim upon which relief may be granted.

The remainder of the Asserted Affirmative Defenses similarly set forth conclusory allegations without offering a factual basis for such conclusions. The Second through Tenth Affirmative Defenses each make the broad conclusory assertion that contract terms (e.g., "Insured," "Personal Information") have not been met within FDI's claim, or that certain contract provisions otherwise preclude coverage. [ECF No. 5 p. 5-7]. Each of these Affirmative Defenses, however, fail to state any non-conclusory factual information that would allow FDI to understand how Evanston may have reached these conclusions.

Ultimately, Evanston's Affirmative Defenses fail to satisfy the heightened pleading standards required by *Twombly* and *Iqbal* because they burden FDI with the responsibility of determining the "bare minimum facts," which allegedly support Evanston's Affirmative Defenses, and thus do not allow FDI to "adequately respond to those defenses." *See Holtzman*, 2008 WL 2225668, at *2. Additionally, because each of Evanston's Affirmative Defenses fail to "provide any factual basis in support of their conclusions," they are "considered 'bare bones conclusory allegations.'" *See Korman*, 2014 WL 12513591, at *1. Evanston's Affirmative Defenses thus fail to satisfy the pleading standard set forth in Federal Rule of Civil Procedure 8(a) and must be stricken. *See Morrison*, 434 F. Supp. 2d at 1318; *see Holtzman*, 2008 WL 2225668, at *4.

### III.   Evanston's First Affirmative Defense Has Been Waived under Rule 12(b)

Like the defendant in *Korman*, Evanston has filed its Answer and Affirmative Defenses to FDI's Complaint without having ever filed a motion arguing that FDI has failed to state a claim upon which relief can be granted. 2014 WL 12513591, at *1. Evanston has thus, like the *Korman* defendant, waived its right to assert this defense and is "precluded from raising this defense in [its] Answer." *See Id.* Because the *Korman* defendant raised this defense in a responsive pleading, rather than through a timely motion to dismiss, the court struck the defense from the defendant's

answer. *Id.* at 1-2. Thus, because Evanston has similarly waived its right to assert the 12(b)(6) argument raised in its First Affirmative Defense, it must be stricken from its Answer and Affirmative Defenses.

## CONCLUSION

The Affirmative Defenses challenged herein are not properly classified as affirmative defenses and are supported by deficient, conclusory allegations. The First Affirmative Defense, that FDI has failed to state a claim upon which relief may granted, has additionally been waived due to Evanston's failure to file a timely motion asserting said defense. The Asserted Affirmative Defenses should thus be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Date: July 22, 2022.                                Respectfully submitted,

CAREY RODRIGUEZ MILIAN, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

By: */s/ Juan J. Rodriguez*
Juan J. Rodriguez (FBN 613843)
Email: jrodriguez@careyrodriguez.com
Secondary: cperez@careyrodriguez.com

*Attorney for Plaintiff*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Juan J. Rodriguez
Juan J. Rodriguez