UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21941-KING/DAMIAN

FINANCIAL DESIGNS, INC.,

     Plaintiff,

vs.

EVANSTON INSURANCE COMPANY,

     Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S AFFIRMATIVE DEFENSES [ECF NO. 8]

THIS CAUSE is before the Court on Plaintiff, Financial Designs, Inc.'s ("Plaintiff"), Motion to Strike Defendant, Evanston Insurance Company's ("Defendant"), Affirmative Defenses [ECF No. 8] (the "Motion to Strike"), filed July 22, 2022.[1]

The undersigned has considered the Motion to Strike, Defendant's Response [ECF No. 9], Plaintiff's Reply [ECF No. 10], the pertinent portions of the record, and all relevant authorities. For the reasons set forth below, the Motion to Strike is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

Plaintiff, an insured, filed the instant action in State Court alleging breach of contract and seeking a declaratory judgment regarding coverage under a Professional Liability Insurance Policy. [ECF No. 1-1]. Defendant removed the action to this Court on June 24,

---

[1] The Honorable James Lawrence King, United States District Judge, referred this matter to the undersigned on August 15, 2022. [ECF No. 11]. *See* 28 U.S.C. § 636(b)(1).

2022, based on diversity jurisdiction. [ECF No. 1]. Thereafter, on July 1, 2022, Defendant filed its Answer and Affirmative Defenses and asserted thirteen affirmative defenses. [ECF No. 5].

Plaintiff filed the Motion to Strike now before the Court seeking to strike ten of Defendant's affirmative defenses (Affirmative Defense Numbers 1–10). [ECF No. 8]. Defendant filed a Response on August 5, 2022 [ECF No. 9], and Plaintiff filed a Reply on August 12, 2022 [ECF No. 10].

In the Motion to Strike, Plaintiff generally argues that many of Defendant's Affirmative Defenses are not proper affirmative defenses but, instead, are general defenses and, for that reason, should be stricken. Plaintiff also argues that Defendant fails to allege sufficient facts in support of its Affirmative Defenses to survive basic pleading obligations. Defendant responds that any defenses that are deemed to be specific denials should be treated as such rather than stricken and that at this stage of the litigation, Defendant need not set forth facts in support of its defenses but need only give Plaintiff notice of the defenses it intends to pursue. Defendant also requests, in the alternative, that in the event the Court determines that any of the affirmative defenses are inadequate, it be permitted leave to amend those affirmative defenses in accordance with the Court's findings. [ECF No. 9 at 6].

The Court addresses the parties' arguments as to each of the challenged defenses below.

## II.    APPLICABLE LEGAL STANDARDS

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). The purpose of an affirmative

defense is to "help frame the issues of a case" by giving "the opposing party notice of an issue so that the party is prepared to properly litigate the issue." *Losada v. Norwegian (Bah.) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.) (citing *Hassan v. U.S.P.S.*, 842 F.2d 260, 263 (11th Cir. 1988)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Similarly, affirmative defenses which simply deny the complaint's allegations are also not affirmative defenses. *Losada*, 296 F.R.D. at 690.

Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8 does not require a defendant to set forth detailed factual allegations, but a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 553 (2007).[2]

In *Losada*, Judge King specified that affirmative defenses should be subject to the same general pleading standards of complaints so that a plaintiff may be given sufficient notice of the defense asserted and the grounds upon which it rests. 296 F.R.D. at 691. Judge King also noted that although "one cannot demand the same volume of facts as could be required of a

---

[2] There is a split among the courts regarding the pleading standard required for affirmative defenses. *See generally McLendon v. Carnival Corp.*, No. 20-24939, 2021 WL 848945, at *3 (S.D. Fla. Mar. 4, 2021) (Bloom, J.) (explaining some courts in the Eleventh Circuit have concluded that affirmative defenses are subject to the heightened *Twombly-Iqbal* pleading standard of Rule 8(a) and others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c) under which affirmative defenses "need only provide fair notice of the nature of the defense and the grounds upon which its rests"). *See also Losada*, 296 F.R.D. at 690–91 (discussing the debate among the district courts as to the pleading requirements for affirmative defenses).

Complaint," there should, nonetheless, "be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case." *Id.*

Although a court has broad discretion when reviewing a motion to strike, such motions are considered "a drastic remedy" and are often "disfavored by the courts." *Simmons v. Royal Caribbean Cruises, Ltd.*, 423 F. Supp. 3d 1350, 1352 (S.D. Fla. 2019) (Ungaro, J.). Courts will, therefore, strike an affirmative defense if it is insufficient as a matter of law. *Id.* "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Ryskamp, J.) (citation omitted). "[A]ny insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" may be stricken from any pleading. Fed. R. Civ. P. 12(f).

With the foregoing in mind, the undersigned considers whether Defendant's Affirmative Defenses are sufficient as a matter of law and whether they provide fair notice of the nature of the defenses and the grounds upon which they rest. *See Mushilla Holdings, LLC v. Scottsdale Ins. Co.*, No. 20-cv-20832, 2020 WL 6135804, at *1 (S.D. Fla. June 16, 2020) (Cooke, J.) (quoting *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-cv-21698, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010)).

## III.   DISCUSSION

### A. *Affirmative Defense Number 1*

Defendant's First Affirmative Defense states:

[Plaintiff's] Complaint fails to state a claim for breach of contract upon which relief may be granted in that it does not contain sufficient factual allegations describing how [Defendant] breached any alleged contractual duty.

4

[ECF No. 5 at 5]. Plaintiff argues that failure to state a claim is not a valid affirmative defense, but is, instead, a general denial. Plaintiff further argues that to the extent the defense alleges a lack of sufficient factual allegations, the defense merely points out a defect in Plaintiff's prima facie case and, again, is not an affirmative defense. Motion to Strike at 6–7. Defendant concedes that denials are "not necessarily equivalent to an affirmative defense," but contends that the Court should treat such defense as a specific denial, rather than strike it. *See* Response at 2–3.

The Court agrees that "failure to state a claim" is an improper affirmative defense, and, as such, it is inappropriately asserted by Defendant as an affirmative defense here. *See Spiegel & Utrera, P.A. v. Stevens & Lee, P.C.*, No. 10-23451-CIV, 2011 WL 13223501, at *1 (S.D. Fla. Apr. 21, 2011) (King, J.); *Lopez v. Leg.A.Sea Distr. Servs., LLC*, No. 10-21847, 2010 WL 3767171, at *2 (S.D. Fla. Sept. 24, 2010) (King, J.) (noting "failure to state a claim" is improper basis for affirmative defense). The Court also agrees that the alleged insufficient facts regarding how Defendant breached any contractual duty is also a denial of elements of Plaintiff's cause of action rather than an affirmative defense. *See McLendon*, 2021 WL 848945, at *3 (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense.")).

The question, then, is whether to strike this improper affirmative defense or treat it as a specific denial. Courts in this District are split on the appropriate treatment of such improperly labeled denials. In *Losada*, Judge King, the presiding Judge in the instant case, held: "When an affirmative defense is mislabeled and is more properly a denial, the Court should not strike the claim but should treat it as a specific denial." *Losada*, 296 F.R.D. at 691;

*see also Berry v. Diamond Resorts Mgmt., Inc.*, No. 09-22740, 2010 WL 11504802, at *1 (S.D. Fla. Oct. 4, 2010) (Jordan, J.) ("Because it is apparently an element of a claim, this alleged affirmative defense will be treated as a denial of an element of the cause of action rather than as an affirmative defense."). Other courts in this District routinely strike "failure to state a claim" defenses labeled as "affirmative defenses," because they do not constitute valid affirmative defenses. *See, e.g.*, *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09–cv-61490, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (Cooke, J.) (striking "failure to state a claim" affirmative defense and noting "[w]hile treating the 'failure to state a claim' affirmative defense as a denial, and allowing it to remain as an affirmative defense may be permissible, I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate"); *Northrop & Johnson Holding Co. v. Leahy*, No. 16-cv-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) (citing *Boldstar Tech. LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("[F]ailure to state a claim is a defect in [a party]'s claim; it is not an additional set of facts that bar recovery notwithstanding [a party]'s valid prima facie case.")).

Although this Court might otherwise permit Defendant's improperly labeled first affirmative defense asserting failure to state a claim to remain and be treated as a denial going forward, in this case, as explained below, there are numerous affirmative defenses that must be stricken and others that should be re-labeled and others, still, that Defendant will need to replead. Therefore, under the circumstances in this case, the Court finds Defendant's First

Affirmative Defense should be stricken without prejudice to Defendant to reassert the defense as a denial in an amended pleading.[3]

**B.   *Affirmative Defense Numbers 2 and 4***

Defendant's Second Affirmative Defense states:

> [T]here is no coverage owed to [Plaintiff] under the Evanston Policy for the subject claim to the extent [Plaintiff] does not qualify as an "Insured" under the terms of the Evanston Policy.

[ECF No. 5 at 5–6.]. And Defendant's Fourth Affirmative Defense states:

> [T]here is no coverage owed to [Plaintiff] under the Evanston Policy for the subject claim because no "Claim" as defined in the Evanston Policy has been made against [Plaintiff].

[ECF No. 5 at 6.].

The Court agrees these are improper affirmative defenses as they merely set forth alleged defects in Plaintiff's pleading and allegations by denying that Plaintiff is insured or has made a claim under the Policy. These defenses would more appropriately be asserted as general defenses. *Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, No. 17-CV-80972, 2017 WL 5159601, at *2 (S.D. Fla. Nov. 7, 2017) (Bloom, J.) ("A defense which addresses a defect in the plaintiff's claim is not, however, an affirmative defense.") (citing *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013)).

The Second and Fourth Affirmative Defenses are also defective as conclusory because they fail to give Plaintiff fair notice of the grounds upon which Defendant intends to assert that Plaintiff does not qualify as an Insured or has not properly made a Claim under the

---

[3] The Court rejects Plaintiff's argument that Defendant waived its defense of failure to state a claim by not raising the defense in a Rule 12(b)(6) Motion. Under Federal Rule of Civil Procedure 12(h)(2), a defense of failure to state a claim is not waived by the failure to raise it in a motion.

Policy. As Judge King admonished in *Losada*, there should be "be sufficient facts pleaded in an affirmative defense to show how and why the defense asserted applies to a case." 296 F.R.D. at 691. The Second and Fourth Affirmative Defenses fail to satisfy this basic requirement, and, therefore, must be stricken. Defendant may replead the Second and Fourth Affirmative Defenses as general defenses in an amended pleading with additional facts to give fair notice of the grounds for the defenses.

### C. *Affirmative Defense Numbers 3, 4, 5, 6, 7, and 9*

Defendant's Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses each focus on a specific policy exclusion of the insurance policy at issue. Plaintiff challenges these Affirmative Defenses on grounds they fail to satisfy the basic pleading requirements of Rule 8(a) and as improper affirmative defenses on grounds they, like the Second and Fourth Affirmative Defenses, merely point out defects in Plaintiff's pleading. On these Affirmative Defenses, the Court disagrees with Plaintiff.

Each of Defendant's "policy exclusion" affirmative defenses follow the same general format. Defendant states that there is no coverage owed to Plaintiff under the Policy due to a specific requirement, exclusion, or endorsement of the Policy which is identified in the particular Affirmative Defense. Each of the listed requirements, exclusions, and endorsements ("Cyber Management with Extortion Demand, Business Interruption and Network Restoration Cost Coverage," "access, theft, or use of 'Personal Information,'" and "Assistance and Cooperation," for example) can all be found in the attachments to Plaintiff's Complaint. [ECF No. 1-1].

As Judge Cohn explained in *Pacific Insurance Company v. Aviara Homeowners Association*: "[A] defense based on a policy exclusion ordinarily should be raised as an affirmative

defense." No. 10-80277-CIV, 2011 WL 13227743, at *3 (S.D. Fla. Jan. 24, 2011); *see also TRG*

*Oasis (Tower One), Ltd. v. Crum & Forster Specialty Ins. Co.*, No. 22-21346-CIV, 2022 WL

4631917, at *3–4 (S.D. Fla. Sept. 14, 2022) (Goodman, J.), *report and recommendation adopted*,

No. 22-21346-CIV, 2022 WL 4599056 (S.D. Fla. Sept. 30, 2022) (Scola, J.).

Judge Scola's discussion of policy exclusion-based affirmative defenses in *Gonzalez v.*

*Scottsdale Insurance Company*, is instructive on Plaintiff's challenge to the alleged factual and

pleading deficiencies here:

> The [p]laintiffs move to strike Scottsdale's first affirmative defense, that the
> insurance policy excludes damage caused by a system or appliance, because it
> does not apply to this case. The [p]laintiffs assert that because "no loss of any
> system is included in their estimation of damages," this affirmative defense is not
> responsive to their claims. However, this provision has a "possible relation" to this
> case since it could become known during discovery that a system or appliance
> caused part of the damage, and therefore striking the defense is inappropriate.
> [*JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-cv-60498, 2018 WL
> 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.)]. Moreover, courts generally
> allow contract exclusions or limitations that could limit a plaintiff's claims to be
> pled as affirmative defenses. *See Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*,
> 2017 WL 5159601, *3 (S.D. Fla. Nov. 7, 2017) (Bloom, J.) ("[a]ffirmative
> [d]efenses are sufficient as a matter of law as they give [the] [p]laintiffs notice of
> the specific coverage and exclusion provisions within the insurance policy upon
> which [the] [d]efendant relies to defend against insurance coverage and, in turn,
> defend against the breach of contract claims"). Here, the affirmative defenses
> directly quote the insurance policy and are thus pled with the required specificity.

No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020).

At this early stage of the case, the Court will not require Defendant to support its policy

exclusion-based defenses with detailed and specific factual assertions which may be

established later in discovery. *See Losada*, 296 F.R.D. at 691. Although Defendant does not

directly quote the policy language in its affirmative defenses, they have identified the specific

exclusion or limitation. Plaintiff has not established that it will suffer any prejudice from

needing to reference a document attached to their Complaint in order to fully understand an

affirmative defense. *TRG Oasis*, 2022 WL 4631917, at *3–4 ("It would further no goal or purpose to require Defendant to quote the policy language in the body of its affirmative defense in lieu of referencing a specific exclusion."). If, after the close of discovery, Plaintiff believes there is no evidence to support a particular defense, they can then challenge it at the summary judgment stage.

Therefore, the Court will not strike Defendant's Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses.

### D. *Affirmative Defense Number 8*

Defendant's Eighth Affirmative Defense states:

[T]here is no coverage owed to [Plaintiff] under the Evanston Policy for the subject claim for [Plaintiff]'s voluntary payment to its client, which was made for business reasons, and which does not meet the definition of "Damages" under the Evanston Policy.

[ECF No. 5 at 7].

Defendant's Eighth Affirmative Defense is problematic as pled. It is unclear whether Defendant intends to assert a defense based on a voluntary payment exclusion in the Policy at issue or if it intends to deny coverage based on a defect in Plaintiff's pleading and allegations for failure to properly allege damages. If it is the former, the defense fails to provide any facts that would give Plaintiff fair notice of the policy terms, conditions, or limitations that Defendant intends to rely upon for this particular defense. *See Kapow of Boca Raton*, 2017 WL 5159601, at *4. If the defense is based on a defect in the pleading for failure to properly allege damages, then the defense is not properly asserted as an affirmative defense. *Id.* Either way, the defense must be stricken. Defendant may reallege this defense in an amended pleading to assert more information to give Plaintiff fair notice of the basis for the defense.

### E. *Affirmative Defense Number 10*

Defendant's Tenth Affirmative Defense states:

[T]here is no coverage owed to [Plaintiff] for the subject claim based upon the insuring agreements, exclusions, conditions, definitions, declarations, endorsements or any other provisions contained in the Evanston Policy.

[ECF No. 5 at 7].

Whereas Defendant's Third, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses, discussed above, each identify a specific policy exclusion of the Policy at issue giving Plaintiff notice of the specific coverage and exclusion provisions within the Policy upon which Defendant relies to defend against insurance coverage and, in turn, defend against the breach of contract claim, Defendant's Tenth Affirmative Defense, fails to provide any facts that would give Plaintiff fair notice of the policy terms, conditions, or limitations that Defendant intends to rely upon as a defense. The Tenth Affirmative Defense is comprised of no more than "bare-bones conclusory allegations." *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (Torres, J.). Defendant must provide Plaintiff with notice as to what policy provisions are being referred to in the defense, which it failed to do. Therefore, Affirmative Defense Number 10 will also be stricken with leave to re-plead the defense with more specific facts in an amended pleading.

### IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [ECF No. 8] is **GRANTED IN PART and DENIED IN PART** as follows:

1. **GRANTED** as to Affirmative Defense Numbers One, Two, Four, Eight, and Ten, and these affirmative defenses are **STRICKEN** without prejudice to replead; and

2. **DENIED** as to Affirmative Defense Numbers Three, Five, Six, Seven, and Nine.

It is further

ORDERED and ADJUDGED that any Amended Answer setting forth amended affirmative defenses consistent with the foregoing shall be filed within fourteen (14) days of the date of the instant Order.

**DONE and ORDERED** in Chambers at Miami, Florida this 21st day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. James Lawrence King, *U.S. District Judge*
Counsel of Record