UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FINANCIAL DESIGNS, INC.,

    Plaintiff,

vs.

EVANSTON INSURANCE COMPANY,

    Defendant.

CASE NO. 1:22-cv-21941-JLK

**DEFENDANT EVANSTON INSURANCE COMPANY'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF FINANCIAL DESIGNS, INC.'S COMPLAINT**

Defendant, Evanston Insurance Company ("Evanston"), answers the Complaint filed by Plaintiff Financial Designs, Inc. ("FDI"), as follows:

**NATURE OF THE ACTION**

1. Evanston admits that it issued a Broker/Dealer and Registered Representatives Professional Liability Policy pursuant to which FDI alleges to be an insured. Evanston states that the subject policy speaks for itself. To the extent FDI's allegations are inconsistent with the policy, those allegations are denied. Evanston denies the remaining allegations in paragraph 1.

2. Evanston is without knowledge as to the allegations in paragraph 2.

3. Evanston admits that FDI provided notice of the subject claim to Evanston and that Evanston has disputed coverage for the subject claim.

4. Evanston denies the allegations in paragraph 4.

5. Evanston admits that FDI has brought the subject lawsuit against Evanston for alleged breach of contractor for declaratory relief but denies that FDI is entitled to the relief requested herein. Evanston denies the remaining allegations in paragraph 5.

## PARTIES, JURISDICTION, AND VENUE

6. Evanston admits the allegations in paragraph 6 for jurisdictional purposes only.

7. Evanston admits the allegations in paragraph 7 for jurisdictional purposes only.

8. Evanston admits that FDI seeks damages in excess of the jurisdictional requirement but denies that FDI is entitled to the relief sought.

9. Evanston denies the allegations in paragraph 9 as phrased as the allegations are no longer applicable in light of removal of this matter to the subject Court. Evanston admits that the subject Court has jurisdiction over Evanston.

10. Evanston denies the allegations in paragraph 10 as phrased as the allegations are no longer applicable in light of removal of this matter to the subject Court. Evanston admits that venue is proper in the United States District Court of the Southern District of Florida, Miami Division.

## FACTS

11. Evanston admits that it issued a Broker/Dealer and Registered Representatives Professional Liability Policy to The Leaders Group, Inc. for policy period December 31, 2020 to December 31, 2021, bearing policy number MKLV7PLBD00034 (the "Evanston Policy"). To the extent that the document attached as Exhibit A to the Complaint is not a complete and accurate copy of the Evanston Policy, Evanston denies those allegations. Evanston denies the remaining allegations in paragraph 11.

12. Evanston admits that the Evanston Policy was in effect from December 31, 2020 until December 31, 2021.

13. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

1052005\311912282.v1

14. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

15. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

16. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

17. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

18. Evanston states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

19. Evanston is without knowledge as to the allegations in paragraph 19.

20. Evanston is without knowledge as to the allegations in paragraph 20

21. Evanston is without knowledge as to the allegations in paragraph 21.

22. Evanston is without knowledge as to the allegations in paragraph 22.

23. Evanston is without knowledge as to the allegations in paragraph 23.

24. Evanston is without knowledge as to the allegations in paragraph 24.

25. Evanston admits that FDI provided notice of the subject claim to Evanston and that Evanston has disputed coverage for the subject claim. Evanston further denies that a Claim has been made pursuant to the terms of the Insuring Agreement. Claim is defined, in relevant part, as a written demand received by an Insured for Damages because of an actual or alleged Wrongful Act. Evanston did not receive notice of any written demand made against Financial Designs. Evanston is without knowledge as to the remaining allegations in paragraph 25.

26. Evanston is without knowledge as to the allegations in paragraph 26.

27. Evanston is without knowledge as to the allegations in paragraph 27.

## COUNT I
## BREACH OF CONTRACT

28. Evanston reasserts its responses to paragraphs 1 through 27 above as if set forth fully herein.

29. Evanston admits that the Evanston Policy was issued on December 31, 2020. Evanston denies the remaining allegations of paragraph 29.

30. Evanston denies the allegations in paragraph 30.

31. Evanston states that states that the Evanston Policy speaks for itself. To the extent FDI's allegations are inconsistent with the Evanston Policy, those allegations are denied.

32. Evanston denies the allegations in paragraph 32.

33. Evanston admits that FDI reported the subject claim to Evanston. Evanston denies the remaining allegations in paragraph 33.

34. Evanston denies the allegations in paragraph 34.

35. Evanston denies the allegations in paragraph 35.

36. Evanston denies the allegations in paragraph 36.

37. Evanston denies the allegations in paragraph 37.

38. Evanston denies the allegations in paragraph 38.

39. Evanston is without knowledge as to the allegations of paragraph 39.

40. Evanston denies the allegations in paragraph 40.

41. Evanston denies the allegations in paragraph 41.

42. Evanston denies the allegations in paragraph 42.

43. Evanston denies the allegations in paragraph 43.

44. Evanston denies the allegations in paragraph 44.

45. Evanston denies the allegations in paragraph 45.

46. Evanston denies the allegations in paragraph 46.

47. Evanston denies the allegations in paragraph 47.

WHEREFORE, FDI is not entitled to judgment in its favor or for any other relief whatsoever.

## COUNT II
## DECLARATORY RELIEF

48. Evanston reasserts its responses to paragraphs 1 through 27 above as if set forth fully herein.

49. Evanston denies the allegations in paragraph 49.

50. Evanston denies the allegations in paragraph 50.

51. Evanston admits that it has disputed coverage to FDI for the subject claim for several reasons, including that the information allegedly stolen by the hacker does not constitute "Personal Information" as defined in the Evanston Policy. Evanston denies the remaining allegations of paragraph 51.

52. Evanston denies the allegations in paragraph 52.

53. Evanston denies the allegations in paragraph 53.

WHEREFORE, FDI is not entitled to judgment in its favor or for any other relief whatsoever.

## AFFIRMATIVE DEFENSES

1. To the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI for the subject claim based upon the Cyber Management with Extortion Demand, Business Interruption and Network Restoration Cost Coverage endorsement in the Evanston Policy.

2. To the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result from the access, theft, or other use of alleged "Personal Information," as required under the express terms of the Evanston Policy.

3. To the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result from a "Security Breach," as required under the express terms of the Evanston Policy.

4. To the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the alleged loss did not directly result from a "Privacy Violation," as required under the express terms of the Evanston Policy.

5. To the extent that FDI may be deemed to have asserted a claim upon which relief may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because the Evanston Policy expressly excludes reimbursement for expenses that an insured unilaterally incurs without the prior consent of the insurer. The provision clearly states that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." This provision clearly excludes any voluntarily payments made by an insured without the insurer's permission. It is an exclusion from coverage, and Plaintiff disregarded it. Plaintiff's voluntary reimbursement of the misdirected premium was made for business reasons, and Plaintiff was not legally obligated to pay the amount by virtue of a judgment settlement or award.

6. To the extent that FDI may be deemed to have asserted a claim upon which relief

may be granted, which is not admitted, there is no coverage owed to FDI under the Evanston Policy for the subject claim because FDI violated the Policy's assistance and cooperation clause, and acted without Evanston's written consent in making its independent and voluntary payment to its Client.

7. To the extent any coverage under the Evanston Policy may be established, which is not admitted, FDI's claim for coverage would be subject to the deductibles and limits of liability stated in the Evanston Policy.

8. To the extent any coverage under the Evanston Policy may be established, which is not admitted, FDI's claim for coverage would be barred, in whole or in part, or reduced, in whole or in part, because FDI failed to take steps to mitigate, minimize, or avoid the alleged loss.

9. FDI's claims are barred to the extent FDI failed to satisfy any obligations, covenants, and conditions precedent and subsequent required under the Evanston Policy.

TRIAL BY JURY IS HEREBY DEMANDED.

HINSHAW & CULBERTSON LLP

*/s/ David A. Archer*
**NICOLE DI PAULI GOULD**
Florida Bar No. 110363
ngould@hinshawlaw.com
**DAVID A. ARCHER**
Florida Bar No. 126721
darcher@hinshawlaw.com
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Evanston Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ David A. Archer*
David A. Archer